**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RORY GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-436-NJR** |
| | ) | |
| | ) | |
| **DENNIS LARSON and** | ) | |
| **STEVEN D. YOUNG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rory Griffin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Griffin alleges Defendants were deliberately indifferent to his pain in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Griffin makes the following allegations in the Complaint (Doc. 1):  On June 24, 2019, Griffin had surgery on his bicep (*Id*. at p. 3). After the surgery, he experienced arm and hand pain,

but Dr. Larson would only prescribe him Tylenol (*Id*.). Griffin previously had prescriptions for other pain medications prior to his arrival at IDOC but Dr. Larson refused to prescribe those medications. Griffin also suffered from pain in his arm, shoulders, elbow, wrist, and hip due to arthritis, but Dr. Larson would not provide him with any care (*Id*. at pp. 3-4). He was scheduled for physical therapy, but the appointments were cancelled. Dr. Larson refused to send Griffin to a specialist, nor would he recommend Griffin back to the surgeon who performed his original surgery, Dr. Steven Young (*Id*. at p. 4). Dr. Young performed tendon surgery on Griffin's hand on August 14, 2020 (*Id*. at p. 5). After the surgery, Griffin could not stretch some of his fingers out normally, but Dr. Larson refused to provide him with any medication. Nor would he approve Griffin's request for an appointment with Dr. Young (*Id*.).

<u>Discussion</u>

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:**   **Eighth Amendment deliberate indifference claim against Dr. Larson for refusing to provide Griffin with pain medication or treatment for his arthritis and refusing to provide follow-up care after two surgeries.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Griffin adequately states a claim in Count 1 against Dr. Larson. Griffin alleges that he suffers from arthritis which Dr. Larson refuses to treat. And Dr. Larson refuses to follow-up on care after his two surgeries.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Although Griffin also identifies Dr. Young as a defendant in the caption of his Complaint, he fails to include any allegations that would suggest that Dr. Young acted with deliberate indifference. He alleges that Dr. Young performed his hand surgery, but that Dr. Larson refused to allow Griffin to see Dr. Young after the surgery. Although Griffin alleges that after the surgery he had issues with his fingers, he does not allege that the issues were a result of any deliberate indifference on Dr. Young's part. In fact, it appears that Griffin wants to be sent back to Dr. Young for a follow-up appointment, but Dr. Larson has refused his request. As there are no allegations of deliberate indifference against Dr. Young, he is **DISMISSED without prejudice**.

## Pending Motions

As to Griffin's motion for counsel (Doc. 3), he states that he cannot contact any attorneys because he does not currently have access to the law library. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendant has not yet been served and a discovery schedule has not been entered. Thus, Griffin's motion for counsel (Doc. 3) is **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated, Count 1 shall proceed against Dr. Dennis Larson but is **DISMISSED without prejudice** as to Steven D. Young.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court shall prepare for Defendant Dennis Larson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Griffin. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Griffin, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Larson is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Griffin, and the judgment includes the payment of costs under Section 1915, Griffin will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Griffin is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  December 3, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**


## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**