IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *RORY GRIFFIN*, #Y35204, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:21-cv-00436-NJR |
| *DENNIS LARSON*, | ) ) ) |
| Defendant. | ) |

### DEFENDANT DENNIS LARSON, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Dennis Larson, M.D., by and through his attorneys of Sandberg, Phoenix & von Gontard, P.C., and for his Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 1], pursuant to [Doc. 18] and Administrative Order 244, states as follows:

### The Complaint

Griffin makes the following allegations in the Complaint (Doc. 1):

On June 24, 2019, Griffin had surgery on his bicep (*Id*. at p. 3).

**ANSWER: Admit.**

After the surgery, he experienced arm and hand pain, but Dr. Larson would only prescribe him Tylenol[1] (*Id*.).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

Griffin previously had prescriptions for other pain medications prior to his arrival at IDOC but Dr. Larson refused to prescribe those medications.

---

[1] More specifically, Plaintiff's Complaint alleges Dr. Larson "only prescribe [sic] me Tylenol 325mg tab." [Doc. 1, p. 3].

> **ANSWER: Defendant lacks specific knowledge or information to admit or deny the allegations contained herein, and therefore denies the same.**

Griffin also suffered from pain in his arm, shoulders, elbow, wrist, and hip due to arthritis, but Dr. Larson would not provide him with any care (*Id*. at pp. 3-4).

> **ANSWER: Defendant admits Plaintiff had certain medical conditions and received certain medical treatment as reflected in his medical records. Defendant denies he "would not provide [Plaintiff] with any care." Except as expressly admitted herein, all other allegations contained in the above paragraph are denied, including but not limited to, any allegations of wrongdoing, maltreatment or causation.**

He was scheduled for physical therapy, but the appointments were cancelled.

> **ANSWER: Defendant admits he recommended Plaintiff receive physical therapy. Defendant denies all of Plaintiff's physical therapy appointments were cancelled as the medical records provided as exhibits to Plaintiff's Complaint reflect that Plaintiff received numerous physical therapy appointments in 2019. Further, to the extent any physical therapy appointments were cancelled, Defendant denies the cancellations were due to any wrongdoing, negligence, or deliberate indifference on his part.**

Dr. Larson refused to send Griffin to a specialist, nor would he recommend Griffin back to the surgeon who performed his original surgery, Dr. Steven Young (*Id*. at p. 4).

> **ANSWER: Defendant denies the allegations contained in this paragraph. In fact, Plaintiff's own Complaint admits Plaintiff received a second surgery by Dr. Young on or around August 14, 2020.** *See* **[Doc. 1, p. 5].**

Dr. Young performed tendon surgery on Griffin's hand on August 14, 2020 (*Id*. at p. 5).

> **ANSWER: Defendant admits Plaintiff received certain medical treatment as reflected in his medical records. Except as expressly admitted herein, all other allegations contained in the above paragraph are denied, including but not limited to, any allegations of wrongdoing, maltreatment or causation.**

After the surgery, Griffin could not stretch some of his fingers out normally, but Dr. Larson refused to provide him with any medication.

> **ANSWER: Defendant currently lacks specific knowledge or information to admit or deny the allegations contained herein, and therefore denies the same.**

Nor would he approve Griffin's request for an appointment with Dr. Young (*Id*.).

> **ANSWER: Defendant currently lacks specific knowledge or information to admit or deny the allegations contained herein, and therefore denies the same.**

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Larson for refusing to provide Griffin with pain medication or treatment for his arthritis and refusing to provide follow-up care after two surgeries.

> **ANSWER:   Defendant denies the allegations as set forth in Count 1 of Plaintiff's Complaint.**

## Request for Relief

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

2. To the extent that Plaintiff has failed to appropriately disclose his litigation history to this Court, Plaintiff's claims are subject to dismissal pursuant to the requirements of the Prison Litigation Reform Act.

3. Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint [Doc. 1], Defendant Dennis Larson, M.D., respectfully requests to be dismissed with costs to Plaintiff, and for such other and further relief as the Court deems just and proper.

16495790.v1

        SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Abbey A. Fritz*
     Rodney M. Sharp, #6191776
     Abbey A. Fritz, #6317010
     600 Washington Avenue - 15th Floor
     St. Louis, MO  63101-1313
     314-231-3332
     314-241-7604 (Fax)
     E-mail: rsharp@sandbergphoenix.com
     E-mail: afritz@sandbergphoenix.com

*Attorneys for Defendant Dennis Larson, M.D.*

### Certificate of Service

I hereby certify that on the 1st day of February 2022, the foregoing was filed electronically with the Clerk of the Court and mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

**LEGAL MAIL**
Rory Griffin, #Y35204
Big Muddy River Correctional Center
251 N. Illinois Highway 37
PO Box 900
Ina, IL 62846
*Pro se Plaintiff*

        */s/ Abbey A. Fritz*

16495790.v1