IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RORY GRIFFIN,<br><br>                Plaintiff,<br><br>v.<br><br>DENNIS LARSON,<br><br>                Defendant. | Case No. 21-cv-436-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rory Griffin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was originally allowed to proceed on a single claim for deliberate indifference against Dr. Dennis Larson. On April 14, 2022, Griffin filed a proposed Amended Complaint for the Court's review which seeks to add an additional claim against previously dismissed Dr. Steven Young (Doc. 36).

### PROCEDURAL BACKGROUND

On April 29, 2021, Griffin filed his Complaint alleging deliberate indifference in treating his bicep following surgery (Doc. 1). Griffin alleged that after June 24, 2019 surgery on his bicep, he continued to experience arm and hand pain, but Dr. Larson would only prescribe him Tylenol (Doc. 18, pp. 1-2). Dr. Larson also refused to send Griffin back to the surgeon who performed his original surgery, Dr. Steven Young (*Id*. at

p. 2). Dr. Young performed tendon surgery on Griffin's hand on August 14, 2020, but after the surgery he could not stretch his fingers, and Dr. Larson refused to provide him with medication or approve a follow-up appointment with Dr. Young (*Id.*). Although Griffin identified Dr. Young as a defendant, the factual allegations did not suggest any deliberate indifference on the part of Dr. Young (*Id.* at p. 3). Thus, the claims against Dr. Young were dismissed without prejudice (*Id.*).

On December 17, 2021, Griffin filed a motion to reconsider, asking the Court to reconsider the dismissal of Dr. Young (Doc. 21). That motion was denied because the additional allegations in his motion, namely that Griffin suffered nerve damage as a result of Dr. Young's surgery, were not included in the original Complaint. Griffin was instructed that, if he wished to amend his Complaint, he would need to file a motion seeking leave to amend and submit a proposed Amended Complaint which, in addition to his original allegations, included his new allegations against Dr. Young.

On March 9, 2022, Griffin filed a motion for leave to amend (Doc. 31). This time he submitted a letter, asking for leave to amend his Complaint in order to add claims against Dr. Young. Griffin did not include a proposed amended complaint. His letter also indicated that he wished to file a motion for appointment of counsel. Again, the Court instructed Griffin that if he wanted to amend his Complaint he would need to file a motion seeking leave and submit a proposed amended complaint with the new claim. To the extent Griffin indicated he wanted to file a request for counsel, the Court also directed the Clerk of Court to send Giffin a form motion for recruitment of counsel.

On April 14, 2022, the Court received Griffin's proposed Amended Complaint (*See*

Doc. 36). In a letter attached to the proposed Amended Complaint, Griffin indicated that he wished to pursue a claim against Dr. Young for malpractice and asked whether he needed to file a new lawsuit or whether he could pursue the claims in his current lawsuit. Griffin indicated that he was on his third corrective surgery and that a third doctor had evaluated him and determined his surgery performed by Dr. Young needed corrected. His proposed Amended Complaint alleged that the prison would not allow him to see Dr. Young due to lack of movement at the prison and that Dr. Young had not scheduled an appointment for a third surgery.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because Griffin's motion was filed well after the 21 days after Larson's Answer, he must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

## DISCUSSION

Once again, Griffin's attempt to amend his Complaint suffers from a number of issues. Although he has now submitted a proposed Amended Complaint, the proposed complaint does not meet the requirements of SDIL Local Rule 15.1. When the proposed pleading is submitted to the Court for review, "[a]ll new material in the amended pleading must be underlined." SDIL Local Rule 15.1. Not only is the new material not underlined in Griffin's proposed Amended Complaint, but he has also removed all of his previous allegations against Dr. Larson. He appears to try to amend his Complaint in piecemeal fashion by merely submitting his additional facts. His attached letter confirms this tactic as he states that he wants to pursue a lawsuit against Dr. Young but is unsure if he should file a new lawsuit or if it can be included in his current case. Although Griffin can seek to amend his Complaint to add a viable claim against Dr. Young, the amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). The Court will not accept piecemeal amendments to add additional defendants. Griffin's proposed Amended Complaint could not stand on its own because he has taken out the earlier allegations from Dr. Larson. Because Griffin's proposed Amended Complaint fails to include his earlier

allegations and is a piecemeal attempt to add claims against Dr. Young, his motion to amend (Doc. 36) is **DENIED**.

## CONCLUSION

For the reasons stated above, Griffin's motion to amend (Doc. 36) is **DENIED**. Griffin previously requested counsel to aid him in drafting his Amended Complaint. It is clear to the Court after his many attempts to amend his Complaint, that counsel is needed to help Griffin determine what, if any, claims he may pursue against Dr. Young. Counsel is also necessary to help Griffin draft a competent Amended Complaint. Accordingly, the Court *sue sponte* reconsiders its previous order denying Griffin counsel (Doc. 18, p. 3). The Court finds that counsel is now warranted. Counsel will be assigned to Griffin by separate order.

**IT IS SO ORDERED.**

DATED:   May 27, 2022

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**