IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RORY GRIFFIN, **Plaintiff,** v. DENNIS LARSON, **Defendant.** | Case No. 21-cv-436-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes to assign counsel to Plaintiff Rory Griffin. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id*. at 761, *quoting Pruitt*, 503 F.3d at 654.

The circumstances presented in this case warrant recruitment of counsel.

*See Santiago*, 599 F.3d at 765 ("The situation here is qualitatively different from typical prison litigation.").

For the reasons stated above, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Brian O'Connor Watson of Riley Safer Holmes & Cancila is **ASSIGNED** to represent Griffin in this civil rights case. On or before **June 14, 2022**, assigned counsel shall enter his appearance in this case. Attorney O'Connor is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel must enter the case and shall make first contact with Griffin, however, explaining that an associate may also be working on the case. Griffin should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket to attorney O'Connor. The electronic case file is available through the Case Management/Electronic Case Filing ("CM/ECF") system.

Now that counsel has been assigned, Griffin ***shall not*** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Griffin, there is no guarantee the Court will appoint other counsel to represent Griffin.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Griffin is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If he should recover damages in this action (either by verdict or

settlement), Griffin and his counsel are **ADVISED** that Griffin will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case by filing a motion in this case seeking an exemption from these fees.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules

and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Griffin's contact information is:

> **Rory Griffin, Y35204**
> **BIG MUDDY RIVER CORRECTIONAL CENTER**
> **251 N Illinois Highway 37**
> **PO Box 900**
> **Ina, IL 62846**

**IT IS SO ORDERED.**

DATED:   May 31, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**