IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RORY GRIFFIN, | |
| Plaintiff, | |
| v. | Case No. 3:21-cv-00436-NJR |
| DENNIS LARSON and STEVEN D. YOUNG, | Judge Nancy J. Rosenstengel |
| Defendants. | |

### AMENDED COMPLAINT[1]

Plaintiff Rory Griffin, by his appointed attorney, brings this action against Defendants Dennis Larson, MD and Steven D. Young, MD.

### Parties

1. Mr. Griffin is an individual who at all relevant times was incarcerated or detained in Illinois.

2. Dr. Larson is an individual who at all relevant times acted under color of law because, upon information and belief, he was employed by and/or under contract with the State to provide medical services.

3. Dr. Young is an individual who at all relevant times acted under color of law because, upon information and belief, he was employed by and/or under contract with the State to provide medical services.

---

[1] Mr. Griffin has conformed the Factual Allegations section of this First Amended Complaint to the Court's Memorandum and Order of December 3, 2021, ECF No. 18.

## Jurisdiction and Venue

4. This Court has original jurisdiction over the subject matter of this cause of action under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. This Court has personal jurisdiction over each of the Defendants under Fed. R. Civ. P. 4(k)(1) because each has committed the alleged acts that form the basis of this cause of action within Illinois, so that each has purposely availed itself of Illinois law and could reasonably anticipate defending a lawsuit in Illinois.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Factual Allegations

~~1.~~7. On June 24, 2019, Mr. Griffin had surgery ~~on his bicep~~.

~~2.~~8. After the surgery, Mr. Griffin ~~he~~ experienced arm and hand pain, but Dr. Larson would only prescribe him Tylenol.

~~3.~~9. Mr. Griffin previously had prescriptions for other pain medications prior to his arrival at IDOC, but Dr. Larson ~~refused~~ failed to prescribe ~~those~~ effective medications.

~~4.~~10. Mr. Griffin also suffered from pain in his arm, shoulders, elbow, wrist, and hip ~~due to arthritis~~, but Dr. Larson would not provide him with effective ~~any~~ care.

~~5.~~11. Mr. Griffin ~~He~~ was scheduled for physical therapy, but the appointments were cancelled.

6.12.   Dr. Larson failed~~refused~~ to send Mr. Griffin to an effective specialist~~, nor would he recommend Griffin back to the surgeon who performed his original surgery, Dr. Steven Young~~.

7.13.   Dr. Young performed ~~tendon~~ surgery on Mr. Griffin~~'s hand~~ on August 14, 2020.

8.14.   After the surgery, Mr. Griffin could not stretch some of his fingers out normally, but Drs. Larson and Young failed ~~refused~~ to provide him with effective ~~any~~ medication and post-surgery care.

15.   Nor would Dr. Larson ~~he~~ approve Mr. Griffin's request for an appointment with ~~Dr. Young~~an effective specialist.

16.   As a result of Dr. Young's and Dr. Larson's actions and/or inactions, Mr. Griffin also suffers from nerve damage and from the fact that the pin/screw in his arm protrudes out of his bone and muscle to just under his skin such that he cannot use arm at times and a slight touch causes extreme pain.

**Count 1**
**42 U.S.C. § 1983**
**Defendant Dennis Larson, MD**

17.   Mr. Griffin incorporates the prior paragraphs and brings this Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against Dr. Larson for ~~refusing~~ failing to provide Mr. Griffin with effective pain medication or treatment ~~for his arthritis~~ and ~~refusing~~ failing to provide effective follow-up care after ~~two~~ surgery(ies).

18.   Mr. Griffin had a serious medical need.

3

19. Dr. Larson was aware that Mr. Griffin had a serious medical need.

20. Dr. Larson consciously failed to take reasonable measures to provide treatment for the serious medical need.

21. As a result of Dr. Larson's actions and/or inaction, Mr. Griffin was harmed and/or subjected to a significant risk of harm.

22. Dr. Larson acted under color of law.

### Count 2
### 42 U.S.C. § 1983
### Defendant Steven D. Young, MD

23. Mr. Griffin incorporates the prior paragraphs and brings this Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against Dr. Young for failing to provide effective surgery and failing to provide effective follow-up care after surgery(ies).

24. Mr. Griffin had a serious medical need.

25. Dr. Young was aware that Mr. Griffin had a serious medical need.

26. Dr. Young consciously failed to take reasonable measures to provide treatment for the serious medical need.

27. As a result of Dr. Young's actions and/or inaction, Mr. Griffin was harmed and/or subjected to a significant risk of harm.

28. Dr. Young acted under color of law.

**WHEREFORE**, Plaintiff Rory Griffin requests judgment on all counts jointly and severally in his favor and against Defendants Dennis Larson, MD and Steven D. Young,

MD; costs, fees, expenses, and pre- and post-judgment interest, and any further relief that this Court deems just and proper.

                                                            Respectfully submitted,

                                                            */s/ Brian O. Watson*
                                                            Brian O. Watson
                                                            RILEY SAFER HOLMES & CANCILA LLP
                                                            70 W. Madison Street, Suite 2900
                                                            Chicago, Illinois 60602
                                                            (312) 471-8700
                                                            bwatson@rshc-law.com
                                                            docketdept@rshc-law.com

                                                            *Appointed Attorney for Plaintiff*

4870-7049-2231, v. 2